**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ALPER HOLDINGS USA, INC., | : | Case No. 07-12148 (BRL) |
| | : | |
| | : | |
| Debtor. | : | |

-------------------------------------------------------x


**FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO AND ORDER**
**PURSUANT TO 11 U.S.C. § 1129(a), CONFIRMING FIRST AMENDED CHAPTER 11**
**PLAN OF REORGANIZATION OF ALPER HOLDINGS USA, INC.**

## TABLE OF CONTENTS

Page(s)

**RECITALS** ................................................................................................ 1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** ...................................... 3

    1.    Core Proceeding (28 U.S.C. § 157(b)(2)) .................................................3

    2.    Commencement of Chapter 11 Case.........................................................3

    3.    Judicial Notice ........................................................................................3

    4.    Burden of Proof.......................................................................................3

    5.    Notice .....................................................................................................3

    6.    Plan Supplement .....................................................................................3

    7.    Plan Compliance with Bankruptcy Code (11 U.S.C.§ 1129(a)(1)) .........4

    8.    Alper's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)) ...6

    9.    Plan Proposed in Good Faith (11 U.S.C.§ 1129(a)(3))...........................6

    10.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)) ...............6

    11.    Directors and Officers (11 U.S.C. § 1129(a)(5)) .....................................6

    12.    No Rate Changes (11 U.S.C. § 1129(a)(6)) .............................................7

    13.    Best Interests of Creditors Test (11 U.S.C.§ 1129(a)(7)) ........................7

    14.    No Classes Are Impaired (11 U.S.C. §1129(a)(8))..................................7

    15.    Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))................7

    16.    No Impaired Classes (11 U.S.C.§ 1129(a)(10))........................................7

    17.    Feasibility (11 U.S.C. § 1129(a)(11)) .....................................................7

    18.    Payment of Fees (11 U.S.C. § 1129(a)(12)) ...........................................7

    19.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))....................8

    20.    No Domestic Support Obligations (11 U.S.C.§ 1129(a)(14)) ..................8

    21.    Debtor is Not an Individual (11 U.S.C.§ 1129(a)(15)) ............................8

22. Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)) ...................8

23. Only One Plan (11 U.S.C. § 1129(c)) ...........................................................8

24. Principal Purpose of Plan (11 U.S.C. § 1129(d)) ...............................................8

25. Settlement of the ArvinMeritor Claim and Schrader Claims is Fair and Equitable ................................................................................................8

26. Assumption and Assignment Determinations ...................................................9

27. Injunction, Exculpation and Releases ............................................................9

28. Transfer of Property ...................................................................................9

29. Vesting of Assets (11 U.S.C. § 1141(b) and (c)) ............................................10

30. No Liquidation ........................................................................................10

31. Good Faith ..............................................................................................10

32. Conditions to Confirmation .......................................................................10

33. Satisfaction of Confirmation Requirements ...................................................10

34. Jurisdiction .............................................................................................10

**DECREES** ................................................................................................ 10

35. Confirmation ...........................................................................................10

36. Plan Supplement ......................................................................................10

37. Objections ..............................................................................................11

38. Notice ...................................................................................................11

39. Plan Classification Controlling ....................................................................11

40. Corporate Matters Regarding Reorganized Alper ...........................................11

41. Board of Directors and Management of Reorganized Alper ..............................11

42. Effectuating Documents; Further Transactions ..............................................11

43. Exemption From Certain Transfer Taxes .......................................................12

44. Compliance With Tax Requirements .............................................................12

45. Payment of Statutory Fees .........................................................................12

46.   No Further Action ...................................................................................12

47.   Setoffs and Recoupment ..........................................................................12

48.   Sources of Cash For Plan Distributions ...................................................12

49.   Approval of Settlement of ArvinMeritor Claim and Schrader Claims .................12

50.   Distributions Under Plan ..........................................................................13

51.   Record Date for Purposes of Distribution ................................................13

52.   Executory Contracts and Unexpired Leases .............................................13

53.   Revesting of Assets ..................................................................................14

54.   Retention of Causes of Action .................................................................14

55.   Discharge of Debtor and Injunction .........................................................15

56.   Term of Injunctions or Stays ....................................................................17

57.   Exculpation ..............................................................................................17

58.   Survival of Indemnification and Contribution Claims ............................18

59.   Releases ....................................................................................................18

60.   Disputed Claims and Disputed Interests ..................................................19

61.   Plan and Confirmation Order Binding ......................................................19

62.   Record ......................................................................................................19

63.   Retention of Jurisdiction ..........................................................................19

64.   Successors and Assigns ............................................................................19

65.   Plan Modifications ...................................................................................19

66.   Governing Law ........................................................................................20

67.   No Admissions .........................................................................................20

68.   Severability ..............................................................................................20

69.   Reversal ....................................................................................................20

70.   Conflicts Between Confirmation Order and Plan .....................................20

71.   Inconsistencies .................................................................................................20

72.   Substantial Consummation ...............................................................................21

73.   Conditions Precedent to Effective Date............................................................21

74.   Waiver of Conditions.........................................................................................21

75.   Effects of Failure of Conditions........................................................................21

76.   Revocation or Withdrawal of Plan....................................................................21

77.   Notice of Entry of Confirmation Order .............................................................22

78.   Notice of Effective Date ....................................................................................22

79.   Returned Mail ...................................................................................................22

80.   Authorization to Close ......................................................................................22

81.   Sufficiency of Notice of Confirmation ...............................................................22

82.   Final Order.......................................................................................................22

## RECITALS

**WHEREAS**, on July 13, 2007 (the "Petition Date"),[1] Alper Holdings USA, Inc. ("Alper") filed for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in this Court;

**WHEREAS**, on November 7, 2008, Alper, debtor and debtor in possession in this Chapter 11 Case, filed with this Court a chapter 11 plan, as amended by the First Amended Chapter 11 Plan Of Reorganization of Alper Holdings USA, Inc., dated December 8, 2008 (as amended and modified herein, the "Plan") and related disclosure statement, as amended by the First Amended Disclosure Statement Pursuant to Section 1125 Of Bankruptcy Code With Respect to First Amended Chapter 11 Plan of Reorganization of Alper Holdings USA, Inc., dated December 8, 2008 (the "Disclosure Statement");

**WHEREAS**, on November 12, 2008, this Court entered the Order (I) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Chapter 11 Plan of Reorganization of Alper Holdings USA, Inc. and (II) Establishing Deadlines and Procedures for Filing Objections to Approval of Disclosure Statement and Confirmation of Plan, dated November 12, 2008 (the "Combined Hearing Scheduling Order") (Docket No. 306) setting the combined hearing (the "Combined Hearing") on approval of the Disclosure Statement and confirmation of the Plan, to be held before this Court on December 11, 2008, at 10:00 a.m.;

**WHEREAS**, Alper filed the Amended Certificate of Service of Karen Petriano, sworn to on November 20, 2008 (Docket No. 310, the "Notice Package Certificate"), showing that, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), a notice package (the "Notice Package") containing copies of the (a) notice of, among other things, the Combined Hearing (the "Combined Hearing Notice"), (b) Disclosure Statement (including the annexed Plan), (c) Combined Hearing Scheduling Order (without the Exhibit) and (d) Motion of Alper Holdings USA, Inc. for Order Pursuant to 11 U.S.C. §§ 1125, 1126 and 1128, Federal Rules of Bankruptcy Procedure 2002, 3016, 3017, 3018, and 3020, and Local Bankruptcy Rules 3017-1 and 3020-1, Approving (I) Disclosure Statement Pursuant to 11 U.S.C. § 1125 With Respect to Chapter 11 Plan of Reorganization of Alper Holdings USA, Inc. and (II) Notice and Objection Procedures With Respect to Combined Hearing on Approval of Disclosure Statement and Confirmation of Chapter 11 Plan of Reorganization, dated November 7, 2008 (the "Disclosure Statement Motion") (Docket No. 300), were transmitted by United States mail overnight postage prepaid no later than November 13, 2008, to, as set forth in the exhibits to the Notice Package Certificate, (i) the office of the United States Trustee for the Southern District of New York; (ii) all known holders of claims listed on the Schedules at the addresses stated therein; (iii) counsel for the Dickson Plaintiffs; (iv) counsel for Schrader-Bridgeport International, Inc.; (v) counsel for ArvinMeritor, Inc.; (vi) all other parties known to Alper as having asserted claims against Alper's estate (even if such claims have been disallowed by Order of this Court); (vii) all other persons that have formally appeared and requested notice

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).  A copy of the Plan is annexed hereto as Exhibit A.

or copies of pleadings filed in this case under Bankruptcy Rule 2002; (viii) all counterparties to Alper's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (ix) the District Director of Internal Revenue for the Southern District of New York; (x) the Securities and Exchange Commission; (xi) the United States Attorney for the Southern District of New York and other government agencies to the extent required by the Bankruptcy Rules and the Local Rules and (xii) any other party required to be served Bankruptcy Rule 2002 (collectively, the "Plan Notice Parties");

WHEREAS, Alper filed (i) the affidavit of Alice Weber, setting forth manner of the publication of the Combined Hearing Notice in *The New York Times* (National Edition) on November 18, 2008 (Docket No. 319), (ii) the affidavit of Tina Keith, setting forth manner of the publication of the Combined Hearing Notice in *The Nashville Tennessean* on November 18, 2008 (Docket No. 321) and (iii) the affidavit of Megan Wren, setting forth the manner of the publication of the Combined Hearing Notice in *The Dickson Herald* on November 19, 2008 (Docket No. 320) (collectively, the "Publication Affidavits") and each showing that such Combined Hearing Notice was published in accordance with the Combined Hearing Scheduling Order;

WHEREAS, Alper filed the declaration of Robert Bertellotti, President of Alper, dated December 8, 2008 (the "Bertellotti Declaration") (Docket No. 325) setting forth certain matters in connection with confirmation of the Plan;

WHEREAS, on December 5, 2008, Alper filed the Plan Supplement Pursuant to Section 14.8 of the Plan (the "Plan Supplement") (Docket No. 322);

WHEREAS, on December 8, 2008, the Certificate of Service of Karen Petriano, dated December 8, 2008 (the "Plan Supplement Certificate," together with the Notice Package Certificate, the "Certificates of Service") (Docket No. 328), was filed, showing that on December 5, 2008, the Plan Supplement was served on the Plan Notice Parties;

WHEREAS, on December 5, 2008, Alper filed the Memorandum of Law in Support of Confirmation of First Amended Chapter 11 Plan of Reorganization of Alper Holdings USA, Inc. (Docket No. 324);

WHEREAS, two (2) objections to confirmation of the Plan were filed prior to the December 3, 2008 objection deadline as provided in the Combined Hearing Scheduling Order; and

WHEREAS, pursuant to Section 1128(a) of the Bankruptcy Code, this Court held a hearing on December 11, 2008 (the "Combined Hearing"), to consider confirmation of the Plan;

NOW, THEREFORE, based upon this Court's review of the affidavits, declarations and reports previously filed with this Court, including the Certificates of Service, Publication Affidavits and Bertellotti Declaration; and upon all of the evidence proffered or adduced at, memorandum filed in connection with, and arguments of counsel made at the Combined Hearing; and after due deliberation and sufficient cause appearing therefor; and upon the entire record of this Chapter 11 Case,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY DETERMINED AND FOUND THAT[2]:**

1.      Core Proceeding (28 U.S.C. § 157(b)(2)).  Confirmation of the Plan is a core proceeding under 28 U.S.C.§ 157(b)(2), and this Court has exclusive jurisdiction to enter a Final Order with respect thereto.

2.      Commencement of Chapter 11 Case.  On the Petition Date, Alper commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  During the pendency of the Chapter 11 Case, Alper has operated its business and managed its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

3.      Judicial Notice.  The Court takes judicial notice of the docket of Alper's Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the various hearings held before the Court during the pendency of Alper's Chapter 11 Case.

4.      Burden of Proof.  Alper has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

5.      Notice.  On November 12, 2008, the Court entered the Combined Hearing Scheduling Order, which, among other things, set a hearing for approval of the Disclosure Statement and confirmation of the Plan and set forth the notice procedures therefor.  The (a) Combined Hearing Notice, (b) Disclosure Statement (including the annexed Plan), (c) Combined Hearing Scheduling Order (without the exhibit) and (d) Disclosure Statement Motion, were each served in compliance with the Combined Hearing Scheduling Order, the Bankruptcy Rules and the Local Rules, and such transmittal and service was adequate and sufficient.  As described in the Combined Hearing Scheduling Order and as evidenced by the Certificates of Service and Publication Affidavit, (i) the service of the Notice Package and Plan Supplement was adequate and sufficient under the circumstances of this Chapter 11 Case and (ii) adequate and sufficient notice of the Combined Hearing and other requirements, deadlines, hearings and matters described in the Combined Hearing Scheduling Order were timely given in compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules and the Combined Hearing Scheduling Order, and provided due process and an opportunity to be heard to all parties in interest.  No further notice is required.

6.      Plan Supplement.  In accordance with the Plan, Alper filed the Plan Supplement which includes substantially final forms of the following documents, which documents, subject to Section 14.8 of the Plan, shall remain substantially in the form set forth in the Plan Supplement pursuant to Section 12.1(c) of the Plan: (a) Designation of initial director of

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

Reorganized Alper (Exhibit A), (b) Designation of initial officers of Reorganized Alper (Exhibit B), (c) By-Laws of [Reorganized] Alper Holdings USA, Inc. (Exhibit C) and (d) Amended and Restated Certificate of Incorporation of [Reorganized] Alper Holdings USA, Inc. (Exhibit D) (collectively, the "Plan Supplement Documents").  All such materials shall be included in the definition of Plan Supplement for purposes hereof.  All such materials comply with the terms of the Plan, and were served in accordance with this Court's Order, dated July 18, 2007, establishing notice procedures in this case.

7.      Plan Compliance with Bankruptcy Code (11 U.S.C.§ 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.  As required by Bankruptcy Rule 3016(a),the Plan is dated and specifically identifies Alper as the proponent of the Plan, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  As required by section 1123(a)(1) of the Bankruptcy Code, Article Four of the Plan adequately and properly identifies and classifies all Claims and Interests.  The Plan designates three (3) Classes, consisting of two (2) Classes of Claims and one (1) Class of Interests, based upon differences in the legal nature and/or priority of such Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code.  Valid business, legal and factual reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests unless the holder of such Claim or Interest has agreed to different treatment.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expenses and Priority Tax Claims are not classified.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)      Specified Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article Four of the Plan specifies that Classes 1 (Priority Non-Tax Claims), 2 (General Unsecured Claims) and 3 (Existing Common Stock Interests) are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)      Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  The Plan provides that no Classes of Claims or Interests are Impaired under the Plan.  Accordingly, section 1123(a)(3) of the Bankruptcy Code  is inapplicable to this Chapter 11 Case.

(iv)      No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  Article Seven of the Plan and Section 5.3 of the Plan provide adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.  All documents necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, and all other relevant and necessary documents shall, as of the Effective Date, upon

4

completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.  Among other things, the Plan provides for:

- The continued existence of Alper as Reorganized Alper.

- The effectuation of the Corporate Documents, including the New By-Laws of Reorganized Alper.

- The appointment of the board of directors of Reorganized Alper.

- The automatic conversion of Allowed Existing Common Stock Interests into shares of New Common Stock of Reorganized Alper.

- The sources of Cash for Plan distributions to holders of Allowed Claims and Allowed Interests.

(vi)    Nonvoting Equity Securities (11 U.S.C. §1123(a)(6)).  Pursuant to Section 7.1 of the Plan, the New By-Laws and Amended and Restated Certificate of Incorporation of Alper each include a provision prohibiting the issuance of non-voting equity securities, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

(vii)    Selection of Officers and Directors (11 U.S.C. §1123(a)(7)).  The provisions of Section 7.2 of the Plan and the Corporate Documents (including the New By-Laws) of Reorganized Alper regarding the manner of selection of officers and directors of Reorganized Alper are consistent with the interests of creditors and equity security holders and with public policy, and the Plan Supplement identifies the individuals proposed to serve as the director and officers of Reorganized Alper, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(viii)    Additional Plan Provisions (11 U.S.C. § 1123(b)).  The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

(ix)    Impairment/Unimpairment of Claims and Interests (1123(b)(1)).  Pursuant to Article Four of the Plan, Classes 1 (Priority Non-Tax Claims), 2 (General Unsecured Claims) and 3 (Existing Common Stock Interests) are Unimpaired under the Plan.  There are no Classes of Claims or Interests that are Impaired under the Plan.  Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

(x)    Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)).  Article Nine of the Plan provides for the assumption of all executory contracts and unexpired leases that exist between Alper and any other person or entity prior to the Effective Date that have not expired by their own terms before the Effective Date, unless such contract or lease (i) is set forth in the Plan Supplement as an executory contract or unexpired lease to be rejected, (ii) was previously assumed or rejected by Alper or (iii) is the subject of a pending motion to reject filed on or before the Confirmation Date.

5

(xi)    Settlement or Retention of Claims or Interests (11 U.S.C. § 1123(b)(3)). Section 10.3 of the Plan provides that Reorganized Alper will retain any and all rights, claims, causes of action, suits, defenses, counterclaims and proceedings, whether in law or in equity, whether known or unknown, of or accruing to Alper or the Estate against any Person or entity, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

8.    Alper's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Alper has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(i)    Alper, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Combined Hearing Scheduling Order in transmitting the Notice Package, thereby complying with section 1125 of the Bankruptcy Code with respect to the Disclosure Statement and the Plan.

(ii)    The Plan reflects that all Classes, including Classes 1 (Priority Non-Tax Claims), 2 (General Unsecured Claims) and 3 (Existing Common Stock Interests), are Unimpaired, and thus, are conclusively presumed to have accepted the Plan. Accordingly, Alper has satisfied the requirements of section 1126 of the Bankruptcy Code

(iii)    Alper has complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

9.    Plan Proposed in Good Faith (11 U.S.C.§ 1129(a)(3)). Alper has proposed the Plan (along with all documents necessary to effectuate the Plan, including, but not limited to, those documents contained in the Plan Supplement) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. Alper's good faith is evident from the record of this Chapter 11 Case, including the record of the hearing to approve the Combined Hearing Scheduling Order, and other proceedings held in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of Alper's estate and effectuating a successful reorganization of Alper. The Plan (along with all documents necessary to effectuate the Plan including, but not limited to, those documents contained in the Plan Supplement) has been filed in good faith and Alper has satisfied its obligations under section 1129(a)(3) of the Bankruptcy Code.

10.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by Alper for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

11.    Directors and Officers (11 U.S.C. § 1129(a)(5)). Alper has complied with section 1129(a)(5) of the Bankruptcy Code. Specifically, as part of the Plan Supplement, to the

6

extent known at this time, Alper has disclosed the identity and affiliations of any individual proposed to serve after confirmation of the Plan, as a director or officer of Alper, or any successor to Alper under the Plan, and the appointment to, or continuance in, such office of each such individual is consistent with the interests of holders of Claims against and Interests in Alper and with public policy.

12.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  Alper does not charge any rates that are subject to the jurisdiction of any governmental regulatory agency.  Accordingly, section 1129(a)(6) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

13.      Best Interests of Creditors Test (11 U.S.C.§ 1129(a)(7)).  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because all holders of Claims and Interests are Unimpaired and are deemed to accept the Plan.  Because the Plan provides that all holders of Allowed Claims will receive payment in full in Cash and all holders of Allowed Interests in Alper will receive Interests in Reorganized Alper, the Plan complies with the "best interests of creditors" requirement because the holders of Claims and Interests are receiving the maximum they could receive on account of their Claims or Interests under any scenario.

14.      No Classes Are Impaired (11 U.S.C. §1129(a)(8)).  Each Class of Claims or Interests is Unimpaired under the Plan.

15.      Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Allowed Administrative Expenses, Priority Tax Claims, and Priority Non-Tax Claims under Sections 3.1, 3.2 and 5.1 of the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under Section 3.2 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

16.      No Impaired Classes (11 U.S.C.§ 1129(a)(10)).  There are no Classes of Claims or Interests that are Impaired under the Plan.  Accordingly, section 1129(a)(10) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

17.      Feasibility (11 U.S.C. § 1129(a)(11)).  The evidence proffered, adduced and/or presented at the Combined Hearing with respect to the showing required by section 1129(a)(11) of the Bankruptcy Code (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of Reorganized Alper being able to meet its financial obligations under the Plan and in the ordinary course of its business, and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of Reorganized Alper, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

18.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  As required pursuant to Section 7.10 of the Plan, all fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid on the Effective Date, and will continue to be paid by Reorganized Alper thereafter as required, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

19.    <u>Continuation of Retiree Benefits (11 U.S.C.§ 1129(a)(13))</u>.  Alper provides no retiree benefits of any kind.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

20.    <u>No Domestic Support Obligations (11 U.S.C.§ 1129(a)(14))</u>.  Alper is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

21.    <u>Debtor is Not an Individual (11 U.S.C.§ 1129(a)(15))</u>.  Alper is not an individual, and accordingly, section 1129(a)(15) of the Bankruptcy Code, which relates to individuals where a holder of an allowed unsecured claim objects to confirmation of the plan, is inapplicable in this Chapter 11 Case.

22.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>. Because each Class of Claims or Interests is Unimpaired under the Plan, section 1129(b) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

23.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan filed in this case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

24.    <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has requested that this Court not confirm the Plan for this reason, thereby satisfying the requirements under section 1129(d) of the Bankruptcy Code.

25.    <u>Settlement of the ArvinMeritor Claim and Schrader Claims is Fair and Equitable</u>.  The settlement of the Arvin Meritor Claim and Schrader Claims (the "<u>Settlements</u>") resolves these Claims in their entirety.  The Settlements are fair and equitable for the following reasons:

- The concrete present and future benefits of the settlements outweigh the benefits of continued litigation.

- Failure to approve the Settlements will result in complex and protracted litigation.

- There have been no objections filed regarding the Settlements.

- Counsel to Alper, Schrader and ArvinMeritor are highly competent and each support the Settlements.

- ArvinMeritor and Schrader will receive substantial benefits under the Settlements.

- Alper's director and officers are not receiving releases under the Settlements, other than Plan releases.

- The Settlements are the product of arms' length bargaining and there has been no fraud or collusion.

26.    <u>Assumption and Assignment Determinations</u>.  Alper has satisfied the provisions of section 365 of the Bankruptcy Code with respect to the assumption of executory contracts and unexpired leases pursuant to the Plan.  Alper's assumption of contracts and leases, pursuant to Section 9.1 of the Plan and section 365 of the Bankruptcy Code, is authorized pursuant to section 1123(b)(2) of the Bankruptcy Code as reasonable exercises of sound business judgment and are in the best interests of Alper's Estate.

27.    <u>Injunction, Exculpation and Releases</u>.  The Court has jurisdiction under sections 1334(a), (b) and (d) of title 28 of the United States Code to approve the injunction, exculpation and releases set forth in Sections 10.4, 10.6, and 10.8 of the Plan, respectively.  Such provisions were prominently disclosed in the plan and no party in interest has objected to them.  Moreover, section 105(a) of the Bankruptcy Code and the case law promulgated thereunder permits issuance of the injunction and approval of the unopposed releases set forth in Sections 10.4 and 10.8 of the Plan, respectively, if, as has been established here, such provisions (i) are essential to the formulation and implementation of the Plan, as provided in section 1123(a)(5) of the Bankruptcy Code; (ii) are important to the overall objectives of the Plan to finally resolve, except to the extent otherwise provided in the Plan, all claims among or against the parties in interest in this Chapter 11 Case with respect to Alper, its organization, capitalization, operation and reorganization; (iii) confer substantial benefits on Alper's Estate; (iv) are fair and reasonable; and (v) are in the best interests of Alper, its Estate, and parties in interest.  Further, the exculpation and release provisions in the Plan do not relieve any party from any claims, obligations, rights, causes of action or liabilities arising out of such entity's fraud, gross negligence, criminal liability or willful misconduct.  Based upon the record of this Chapter 11 Case and the evidence proffered, adduced, and/or presented at the Combined Hearing, this Court finds that the injunction, releases, and exculpation provisions set forth in Article Ten of the Plan are consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code and applicable law.  All entities benefited by the discharge, injunction, and exculpation provisions of the Plan have contributed and/or will contribute value to Alper and its Estate under the Plan.  The failure to effect the discharge, injunction, and exculpation provisions of the Plan would seriously impair Alper's ability to confirm the Plan.

28.    <u>Transfer of Property</u>.  The transfers of property by Alper (i) to Reorganized Alper (A) are or shall be legal, valid and effective transfers of property, (B) vest or shall vest Reorganized Alper with good title to such property free and clear of all Liens, charges, Claims, encumbrances or interests, except as expressly provided in the Plan or this Order, (C) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (D) do not and shall not subject Reorganized Alper to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability, and (ii) to holders of Claims or Interests under the Plan are for good consideration and value and (A) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable

nonbankruptcy law, and (B) do not and shall not subject Reorganized Alper to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

29.    Vesting of Assets (11 U.S.C. § 1141(b) and (c)).    Upon the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of Alper shall vest in Reorganized Alper free and clear of all Claims, Liens, encumbrances, charges and other interests, except as provided in the Plan.    Upon the Effective Date, Reorganized Alper may operate its business and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code.

30.    No Liquidation.    The Plan does not provide for the liquidation of all or substantially all of the property of Alper.

31.    Good Faith.    Alper and its respective affiliates, agents, directors, officers, employees, attorneys and other professionals will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (ii) take the actions authorized and directed by this Order.

32.    Conditions to Confirmation.    Each of the conditions to confirmation set forth in Section 12.1 of the Plan has been satisfied, or will be satisfied or waived.

33.    Satisfaction of Confirmation Requirements.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

34.    Jurisdiction.    This Court may properly retain jurisdiction over the matters set forth in Article Thirteen of the Plan.

## DECREES

**NOW**, **THEREFORE**, **IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED THAT:**

35.    Confirmation.    All requirements for confirmation of the Plan have been satisfied.  Accordingly, the Plan, as supplemented by the Plan Supplement is hereby CONFIRMED pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan and the Plan Supplement are incorporated by reference into, and are an integral part of, this Order.

36.    Plan Supplement.    The documents contained in the Plan Supplement are authorized and approved; and any amendments, modifications, and supplements thereto permitted by the Plan and this Order and all documents and agreements introduced into evidence by Alper at the Combined Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by Reorganized Alper, are authorized and approved when they are finalized, executed and delivered.  Without further order or authorization of this Court, Alper, Reorganized Alper and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with the Plan to the extent modified in accordance with

10

Section 14.3 of the Plan.  The modification of the documents contained in the Plan Supplement does not constitute a material modification of the Plan.

37.     Objections.  To the extent that any objections, reservations of rights, statements, or joinders to confirmation have not been withdrawn, waived or settled prior to entry of this Order or otherwise resolved as stated on the record of the Combined Hearing, they are hereby overruled on the merits.

38.     Notice.  Notice of the Combined Hearing complied with the terms of the Combined Hearing Scheduling Order, was appropriate and satisfactory based on the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  Notice of the Plan Supplement, and all related documents, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

39.     Plan Classification Controlling.  The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

40.     Corporate Matters Regarding Reorganized Alper.  Pursuant to Section 7.1 of the Plan, Alper shall continue to exist after the Effective Date as Reorganized Alper pursuant to the Corporate Documents.  Subject to applicable law, on and after the Effective Date, the Corporate Documents shall serve as the organizational documents of Reorganized Alper and govern Reorganized Alper's operations and corporate existence.  Upon approval of all Corporate Documents as required by applicable law, such Corporate Documents shall come into full force and effect upon the Effective Date without the need for any further corporate action, under any applicable law, regulation, order, rule or otherwise.  After the Effective Date, Reorganized Alper may amend and restate its New By-Laws as permitted by applicable law and the provisions of the New By-Laws.

41.     Board of Directors and Management of Reorganized Alper.  Pursuant to Section 7.2 of the Plan, subject to the Corporate Documents, on the Effective Date, the management, control and operation of Reorganized Alper shall become the general responsibility of the board of directors of Reorganized Alper in accordance with applicable non-bankruptcy law.  Pursuant to Section 7.2 of the Plan, effective as of the Effective Date, the persons identified in the Plan Supplement as the initial new board of directors and officers of Reorganized Alper are deemed designated.  The terms and manner of selection of the member of the board of directors of Reorganized Alper and Reorganized Alper's management after the Effective Date shall be as provided in the Corporate Documents.

42.     Effectuating Documents; Further Transactions.  Pursuant to Section 7.3 of the Plan, the entry of this Order shall constitute a direction to and authorization for Alper and Reorganized Alper (as the case may be) to take or cause to be taken any action necessary or appropriate to consummate the transactions contemplated by the Plan, and to execute any contracts, Instruments, and other agreements or documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  The holders of the Interests

11

in Alper or Reorganized Alper, as applicable, are and shall be authorized and directed to take or cause to be taken any action reasonably necessary or appropriate to consummate the transactions contemplated by the Plan.

43.     <u>Exemption From Certain Transfer Taxes</u>.  Pursuant to, and to the extent provided in, section 1146(c) of the Bankruptcy Code, any transfers from Alper to Reorganized Alper or any other entity pursuant to the Plan shall not be subject to any United States document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

44.     <u>Compliance With Tax Requirements</u>.  Pursuant to Section 7.6 of the Plan, Reorganized Alper shall comply with all applicable tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

45.     <u>Payment of Statutory Fees</u>.  Pursuant to Section 7.10 of the Plan, all fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on or before the Effective Date.  All such fees that arise after the Effective Date but prior to the closing of the Chapter 11 Case shall be paid by Reorganized Alper.

46.     <u>No Further Action</u>.  All actions authorized to be taken pursuant to the Plan shall be effective on or as of the Effective Date pursuant to this Order, without further application to, or order of this Court, or further action by the respective officers, directors, members, or stockholders of Reorganized Alper, and with the effect that such actions had been taken by unanimous action of such officers, directors, members, or stockholders.

47.     <u>Setoffs and Recoupment</u>.  Pursuant to Section 7.5 of the Plan, Reorganized Alper may, but shall not be required to, set off or recoup against any Claim, claims of any nature whatsoever that Alper or Reorganized Alper may have against the holder of such Claim; <u>provided</u>, <u>however</u>, that neither the failure to do so nor the allowance of any such Claim hereunder shall constitute a waiver or release by Reorganized Alper of any such claim that Alper or Reorganized Alper may have against such holder.

48.     <u>Sources of Cash For Plan Distributions</u>.  Pursuant to Section 7.7 of the Plan, except as otherwise provided in the Plan or this Order, all Cash necessary for Reorganized Alper to make payments pursuant to the Plan shall be obtained from existing Cash balances or the proceeds of interest and/or principal payments on certain notes held by Alper.

49.     <u>Approval of Settlement of ArvinMeritor Claim and Schrader Claims</u>.  The Settlements, as described in the Plan, are hereby approved.  Specifically:

- All objections, if any, to the provisions of the Settlements that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

- Alper is hereby authorized to execute, deliver, implement, and fully perform any and all obligations agreed upon in the Settlements and to

12

take any and all actions reasonably necessary to consummate the Settlements.

- This provision shall inure to the benefit of Alper and shall be binding upon Alper and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of Alper and shall also be binding upon all creditors and equity interest holders of Alper and other parties in interest.

50.    <u>Distributions Under Plan</u>.  All distributions under the Plan shall be made in accordance with Article Eight of the Plan.

51.    <u>Record Date for Purposes of Distribution</u>.  Pursuant to Section 8.5 of the Plan, as of the close of business on the Record Date, the various books and records and transfer and claims registers for each of the Classes of Claims or Interests as maintained by Alper and its respective agents shall be deemed closed and there shall be no further changes in the record holders of any of the Claims or Interests, and such holders shall be the Allowed holders for purposes of distribution under the Plan.  Alper shall have no obligation to recognize any transfer of the Claims or Interests occurring after the close of business on the Record Date.  Alper and the Disbursing Agent, if any, shall be entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers as of the close of business on the Record Date, to the extent applicable.

52.    <u>Executory Contracts and Unexpired Leases</u>.

(i)    <u>Assumption</u>.  Pursuant to Section 9.1 of the Plan, except as otherwise provided in the Plan, this Order, or in any contract, Instrument, release or other agreement or document entered into in connection with the Plan, as of the Effective Date, Alper shall be deemed to assume each executory contract or unexpired lease, to the extent executory, to which it is a party that has not expired by its own terms before the Effective Date, unless such contract or lease (a) is set forth in the Plan Supplement as an executory contract or unexpired lease to be rejected, (b) was previously assumed or rejected by Alper or (c) is the subject of a motion to reject Filed on or before the Confirmation Date with the Bankruptcy Court and upon which the Bankruptcy Court has not entered an Order.  Nothing in the Plan or any document executed or delivered in connection with the Plan creates any obligation or liability on the part of Alper, Reorganized Alper or any other entity that is not currently liable for such obligation with respect to any executory contract or unexpired lease except as otherwise provided in the Plan.  This Order shall constitute an Order of the Bankruptcy Court under section 365 and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions described above, as of the Effective Date.

(ii)    Each executory contract and unexpired lease that is assumed and relates to the use, ability to acquire, or occupancy of real property shall include (a) all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease and (b) all executory contracts or unexpired leases appurtenant to the premises, including all easements, licenses, permits, rights, privileges,

13

immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vaults, tunnel or bridge agreements, or franchises, and any other interests in real estate or rights in rem related to such premises, but excluding any agreement rejected pursuant to an Order of the Bankruptcy Court.

(iii)    Cure Payments.  Pursuant to Section 9.2 of the Plan, any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied by Alper under section 365(b)(1) of the Bankruptcy Code by (x) payment of the default amount in Cash on the Effective Date (or promptly thereafter) or (y) on such other terms as the parties to each such executory contract or unexpired lease otherwise agree.  If there is a dispute regarding (a) the nature or amount of any cure payment, (b) the ability of Reorganized Alper to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or (c) any other matter pertaining to assumption, then the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption or assumption and assignment, as the case may be.

(iv)    Rejected Contracts and Leases.  Pursuant to Section 9.3 of the Plan, except as otherwise provided in the Plan, in the Plan Supplement or in any contract, Instrument, release, or other agreement or document entered into in connection with the Plan, none of the executory contracts and unexpired leases to which Alper is party shall be rejected hereunder.

53.    Revesting of Assets.  Pursuant to Section 10.1 of the Plan, on the Effective Date, the property of the Estate, together with any property of Alper that is not property of the Estate and that is not specifically disposed of pursuant to the Plan, shall revest in Reorganized Alper free and clear of all Claims, liens, charges, or other encumbrances and Interests except as provided in the Plan and this Order.  From and after the Effective Date, Reorganized Alper may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Court as if the Chapter 11 Case had not been filed in the first instance.  Without limiting the generality of the foregoing, Reorganized Alper may, without application to or approval of the Bankruptcy Court, pay the fees and expenses of Reorganized Alper's professionals and other professionals that are incurred after the Confirmation Date.

54.    Retention of Causes of Action.

(i)    Pursuant to Section 10.3 of the Plan, except to the extent such rights, claims, causes of action, defenses, and counterclaims are expressly and specifically waived, released or abandoned in connection with the Plan or this Order, or in any contract, instrument, release or other agreement entered into in connection with the Plan, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code (i) any and all rights, claims, causes of action, suits, defenses, counterclaims and proceedings, whether in law or in equity, whether known or unknown, of or accruing to Alper or the Estate against any Person or entity, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, shall remain assets of, and vest in, Reorganized Alper (who may, in its sole discretion, decline to exercise any of the foregoing), whether or not litigation relating thereto

14

is pending on the Effective Date, and whether or not any such rights, claims, causes of action, defenses, and counterclaims have been listed or referred to in the Plan, or any other document Filed with the Bankruptcy Court and (ii) neither Alper nor Reorganized Alper waives, relinquishes, or abandons (nor shall they be estopped or otherwise precluded from asserting) any right, claim, cause of action, defense or counterclaim that constitutes property of the Estate.  The foregoing retention and vesting of rights, claims, causes of action, suits, defenses, counterclaims and proceedings shall occur (a) whether or not such right, claim, cause of action, suit, defense, counterclaim or proceeding has been listed or referred to in the Plan, or any other document Filed with the Bankruptcy Court, (b) whether or not such right, claim, cause of action, suit, defense, counterclaim or proceeding is currently known to Alper and (c) whether or not a defendant in any litigation relating to such right, claim, cause of action, suit, defense, counterclaim or proceeding Filed with the Bankruptcy Court a proof of Claim in the Chapter 11 Case, Filed with the Bankruptcy Court a notice of appearance or any other pleading or notice in the Chapter 11 Case, or received or retained any consideration under the Plan.  Without in any manner limiting the generality of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, or refer to a right, claim, cause of action, suit, defense, counterclaim or proceeding, or potential right, claim, cause of action, suit, defense, counterclaim or proceeding, in the Plan or any other document Filed with the Bankruptcy Court shall in no manner waive, eliminate, modify, release or alter Reorganized Alper's right to commence, prosecute, defend against, settle and realize upon any rights, claims, causes of action, suits, defenses, counterclaims or proceedings that Alper or Reorganized Alper has, or may have, as of the Confirmation Date. Reorganized Alper may commence, prosecute, defend against, settle and realize upon any of the above rights, claims, causes of action, suits, defenses, counterclaims or proceedings, in its sole discretion, in accordance with what is in the best interests, and for the benefit, of Reorganized Alper as if the Chapter 11 Case had not been filed in the first instance.

(ii)    Except for Claims and Interests Allowed pursuant to Article 11 of the Plan and as provided in Article 11, nothing contained in the Plan or this Order shall be deemed a waiver or relinquishment of any rights, claims, causes of action, suits, defenses, counterclaims or proceedings that Alper or Reorganized Alper may have, including, but not limited to, malicious prosecution or similar claims against parties that have filed suit against Alper.

55.    <u>Discharge of Debtor and Injunction</u>.

(i)    Pursuant to Section 10.4 of the Plan, except to the extent otherwise provided herein, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, release, discharge and settlement of all Administrative Expenses, Claims and Interests of any nature whatsoever, including any interest accrued on such Administrative Expense, Claim or Interest from and after the Petition Date through the Effective Date against Alper or any of its assets or properties, or against the Estate or properties or interests in property. Except as otherwise provided in the Plan or this Order, subject to the occurrence of the Effective Date, this Order shall act as a discharge of all Administrative Expenses, Claims and Interests, including Administrative Expenses, Claims and Interests that arose before the Confirmation Date and all Debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code,

15

against, Liens on, and Interests in Alper, Alper's assets, and its properties, arising at any time before the Confirmation Date, regardless of whether or not: (a) a proof of Claim or proof of Interest based on such Debt or Interest is or was Filed or deemed Filed with the Bankruptcy Court pursuant to section 501 of the Bankruptcy Code, (b) the Administrative Expense, Claim or Interest is Allowed or (c) the holder of an Administrative Expense, Claim or Interest based on such Debt or Interest has accepted the Plan or is entitled to receive a distribution thereunder. Upon the later to occur of entry of this Order and occurrence of the Effective Date, any holder of such discharged Administrative Expense, Claim or Interest shall be precluded from asserting against Alper, Reorganized Alper, their successors or their assets or properties any other or future Administrative Expenses, Claims or Interests based upon any document, Instrument, act or omission, transaction or other activity of any kind or nature that occurred before the entry of this Order, except as provided in the Plan. This Order shall be a judicial determination of discharge of all liabilities of Alper, subject to the occurrence of the Effective Date.

(ii)    Except as otherwise provided in the Plan or this Order, and in addition to the injunction provided under sections 524(a) and 1141 of the Bankruptcy Code, on and after the Effective Date all entities who have held, currently hold or may hold a Debt, Claim against or Interest in Alper (whether directly or indirectly and whether as a beneficial holder of such discharged Debt, Claim or Interest or as a holder of record of such discharged Debt, Claim or Interest) that is restructured and discharged under the Plan, including without limitation, the Tennessee Action Plaintiffs, the NRDC and all other third parties are permanently enjoined, on and after the Effective Date, subject only to the occurrence of the Effective Date, from taking in any jurisdiction any of the following actions on account of any such discharged Debt, Claim or Interest: (a) commencing or continuing in any manner (including by directly or indirectly assisting or facilitating the commencement or continuation of) any action or other proceeding of any kind (including any Environmental Action) with respect to any such discharged Debt, Claim or Interest, against Alper, Reorganized Alper, or their respective properties, (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Alper on account of any such discharged Debt, Claim or Interest, (c) creating, perfecting or enforcing any Lien or encumbrance of any kind against Alper, Reorganized Alper, or their respective properties or interests in their respective properties on account of any such discharged Debt, Claim or Interest (including any Environmental Action), (d) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due from Alper, Reorganized Alper, or against the property or interests in property of Alper or of Reorganized Alper on account of any such discharged Debt, Claim or Interest, and (e) commencing, continuing or in any manner taking part or participating in any action, proceeding or event (whether directly or indirectly) that would be in contravention of the terms, conditions and intent of the Plan (including any Environmental Action). The foregoing injunction extends to successors of Alper (including, without limitation, Reorganized Alper), and their respective properties and interests in property. Any entity injured by any willful violation of such injunction may recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages from the willful violator.

(iii)    By accepting distributions pursuant to the Plan, each holder of an Allowed Administrative Expense, Claim or Interest shall be deemed to have specifically consented to the injunctions set forth in Section 10.4 of the Plan. For the avoidance of doubt, nothing in the preceding sentence shall operate or be construed to limit the discharge and

injunction provided for in Section 10.4 of the Plan, with respect to any Person that is not entitled to, and does not receive, any distribution pursuant to the Plan. To the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, all other Persons (including, without limitation, the Tennessee Action Plaintiffs and NRDC) shall be bound by the discharge and injunction provided for in Section 10.4 of the Plan.

56.    Term of Injunctions or Stays. Pursuant to Section 10.5 of the Plan, unless otherwise provided herein or in this Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or any Order of the Bankruptcy Court, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or this Order shall remain in full force and effect in accordance with their terms.

57.    Exculpation.

(i)    Pursuant to Section 10.6 of the Plan, Alper, Reorganized Alper, the Estate, and their respective equity holders, affiliates, officers, directors, agents, financial advisors, independent accountants, attorneys, employees and representatives and their respective property shall have no liability to any holder of any Claim or Interest or any other Person for any act or omission in connection with, arising out of, or relating to, the Disclosure Statement, the Plan, the solicitation of votes (or the lack thereof) for and the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Chapter 11 Case, the Plan or the property to be distributed under the Plan, whether for tort, contract, violations of federal, state or foreign securities laws, or otherwise, whether known or unknown, foreseen or unforeseen, existing or hereafter arising; provided, however, that nothing herein shall release any entity from any claims, obligations, rights, causes of action or liabilities arising out of such entity's fraud, gross negligence, criminal liability or willful misconduct.

(ii)    Notwithstanding any other provision of the Plan, no holder of a Claim or Interest, no other party in interest, none of their respective agents, employees, equity holders, partners, members, representatives, financial advisors, attorneys, professionals, affiliates, or representatives, and no successors or assigns of the foregoing, shall have any right of action against Reorganized Alper, the Estate, any holder of Existing Common Stock Interests, or any of their agents or representatives, or any of their respective present or former members, officers, directors, employees, equity holders, partners, professionals, affiliates, or representatives or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of, the Disclosure Statement, the Plan, the solicitation of votes (or lack thereof) for and the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Chapter 11 Case, the Plan or the property to be distributed under the Plan, whether for tort, contract, violations of federal, state or foreign securities laws, or otherwise, whether known or unknown, foreseen or unforeseen, existing or hereafter arising; provided, however, that nothing herein shall release any entity from any claims, obligations, rights, causes of action or liabilities arising out of such entity's fraud, gross negligence, criminal liability or willful misconduct.

17

(iii)    The foregoing exculpation shall not, however, limit, abridge or otherwise affect the rights, if any, of Reorganized Alper to enforce, sue on, settle, or compromise the claims, rights or causes of action, suits or proceedings retained in the Plan.

58.    <u>Survival of Indemnification and Contribution Claims</u>.  Pursuant to Section 10.7 of the Plan, notwithstanding anything to the contrary contained in the Plan, any obligations of Alper to indemnify and/or provide contribution to its directors, officers, agents, employees and representatives who served in such capacity on or prior to the Petition Date, pursuant to its by-laws, applicable statutes or contractual obligations, in respect of all past, present and future actions, suits and proceedings against any of such directors, officers, agents, employees and representatives, based on any act or omission related to the service with, for or on behalf of Alper prior to the Effective Date shall not be discharged or impaired by Confirmation or consummation of the Plan, and shall survive unaffected by the reorganization contemplated by the Plan.

59.    <u>Releases</u>.

(i)    <u>Releases By Alper</u>.  Pursuant to Section 10.8(a) of the Plan, as of the Confirmation Date, but subject to occurrence of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, Alper, Reorganized Alper and any Person seeking to exercise the rights of Alper's Estate, including, without limitation, any successor to Alper or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to unconditionally forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever (other than for willful misconduct, criminal liability or gross negligence) in connection with or related to Alper, the Chapter 11 Case or the Plan (other than the rights of Alper and Reorganized Alper to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered or assumed thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to Alper, Reorganized Alper, the Chapter 11 Case or the Plan, and that may be asserted by or on behalf of Alper, the Estate or Reorganized Alper against (a) any of the directors, officers or employees of any of Alper serving during the pendency of the Chapter 11 Case, (b) any Professional Persons of Alper; <u>provided</u>, <u>however</u>, that the foregoing shall not operate as a waiver or release from any claims or causes of action arising out of the fraud, gross negligence, willful misconduct or criminal liability of any such person.

(ii)    <u>Releases By Holders of Claims and Interests</u>.  Pursuant to Section 10.8(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, (a) each holder of a Claim or Existing Common Stock Interests that is deemed to accept the Plan, and (b) to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, every other holder of a Claim or Interest, shall be deemed to unconditionally forever release, waive and discharge each present or former officer, director, employee, agent, financial advisor, attorney and representative (and their respective affiliates) of Alper who acted in such capacity on and

18

after the Petition Date from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever in connection with or related to Alper, the Chapter 11 Case or the Plan (other than the rights of Alper and Reorganized Alper to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to Alper, Reorganized Alper, the Chapter 11 Case, or the Plan.

60.    <u>Disputed Claims and Disputed Interests</u>.  The provisions of Article Eleven of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims and Disputed Interests, are fair and reasonable and are approved.

61.    <u>Plan and Confirmation Order Binding</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan, the Plan Supplement, and this Order shall bind (a) Alper, (b) Reorganized Alper, (c) all holders of Claims against or Interests in Alper, (d) any and all non-Debtor parties to assumed executory contracts and unexpired leases with Alper, (e) each Person acquiring property under the Plan, (f) any other party in interest, (g) any Person making an appearance in the Chapter 11 Case, and (h) the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

62.    <u>Record</u>.  The record of the Combined Hearing is closed.  The findings of fact and conclusions of law of this Court set forth herein and at the Combined Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and the findings of fact and conclusions of the Court at the Combined Hearing are incorporated herein by reference.

63.    <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction in accordance with the terms of Article Thirteen of the Plan, the other provisions of this Order, and section 1142 of the Bankruptcy Code, including jurisdiction to hear and determine any disputes that may arise with regard to the execution of the Plan Supplement Documents or any other document required to consummate the Plan.  Until this Chapter 11 Case is closed, any party in interest may commence a proceeding in this Court in respect of any matter as to which jurisdiction has been retained.

64.    <u>Successors and Assigns</u>.  Pursuant to Section 14.2 of the Plan, the rights, benefits and obligations of any entity named or referred to in the Plan are binding on, and shall inure upon, any permitted heirs, executors, administrators, successors or assigns of such entity.

65.    <u>Plan Modifications</u>.  Subject to Section 14.3 of the Plan, after the Confirmation Date, so long as such action does not materially adversely affect the treatment of holders of Claims or Interests under the Plan, Alper or Reorganized Alper may, under section 1127(b) of the Bankruptcy Code institute proceedings in this Court to remedy any defect

19

or omission or reconcile any inconsistencies in the Plan or this Order, with respect to such matters as may be necessary to carryout the purposes and effects of the Plan.

66.    Governing Law.  Pursuant to Section 14.4 of the Plan, unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of New York shall govern the construction and implementation of the Plan and any agreements, documents, and Instruments executed in connection with the Plan, except as otherwise provided for in such agreements, documents and Instruments, without giving effect to the principles of conflicts of law thereof which would require the application of the law of another jurisdiction.

67.    No Admissions.  Pursuant to Section 14.5 of the Plan, notwithstanding anything herein to the contrary, nothing contained in the Plan, any Plan Document or any other document executed in connection herewith shall be deemed an admission by Alper with respect to any matter set forth herein including, without limitation, liability on any Claim.

68.    Severability.  Pursuant to Section 14.6 of the Plan, each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

69.    Reversal.  If any of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by Alper.  Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order, the Plan, all documents relating to the Plan and any amendments or modifications to any of the foregoing.

70.    Conflicts Between Confirmation Order and Plan.  The failure to specifically include any particular provision of the Plan in this Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan is confirmed in its entirety and it and the Plan Supplement are incorporated herein by this reference.  The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Plan and shall control and take precedence.  The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

71.    Inconsistencies.  Pursuant to Section 14.10 of the Plan, in the event that the terms or provisions of the Plan are inconsistent with the terms and provisions of any document executed in connection with the Plan or any other Plan Documents Filed with the Bankruptcy Court in connection with the Plan, the terms of the Plan shall control.  This provision is not intended and shall not modify in any way paragraph 70 above.

72.     <u>Substantial Consummation</u>.  Pursuant to Section 14.9 of the Plan, substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date and not prior to such time.

73.     <u>Conditions Precedent to Effective Date</u>.  Pursuant to Section 12.2 of the Plan, the occurrence of the Effective Date of the Plan is subject to the conditions precedent enumerated in Section 12.2 of the Plan.

74.     <u>Waiver of Conditions</u>.  Pursuant to Section 12.3 of the Plan, each of the conditions set forth in Sections 12.1 and 12.2 of the Plan may be waived in whole or in part by Alper without any notice to parties in interest or the Bankruptcy Court and without a hearing. The failure to satisfy or waive any condition to the Effective Date may be asserted by Alper regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any action or inaction by Alper).  The failure of Alper to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

75.     <u>Effects of Failure of Conditions</u>.  Pursuant to Section 12.4 of the Plan, if the conditions to occurrence of the Effective Date have not been satisfied or waived in accordance with Section 12.3 of the Plan on or before the first Business Day that is more than sixty (60) days after the Confirmation Date, unless such date is extended (i) by Alper in its sole discretion, without any notice to parties in interest, or (ii) pursuant to Bankruptcy Court Order after notice and a hearing, then on motion by Alper made prior to the time that all of the conditions have been satisfied or waived, (w) this Order shall be vacated and of no force and effect; <u>provided</u>, <u>however</u>, that all provisions in this Order, if any, extending the time period during which Alper has the exclusive right to file a plan pursuant to section 1121(b) of the Bankruptcy Code or that explicitly survive vacatur of such order, shall remain in full force and effect and shall be valid and enforceable notwithstanding a vacatur of this Order, (x) no distributions under the Plan shall be made; (y) Alper and all holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred; and (z) Alper's obligations with respect to Claims and Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver, release or modification of any Claims or Interests by or against Alper or any other Person or to prejudice in any manner the rights of Alper or any Person in any further proceedings involving Alper.  If this Order is vacated, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall: (i) constitute a waiver or release of any Claims by or against, or any Interests in, Alper or any other person; (ii) prejudice in any manner the rights of Alper; or (iii) constitute an admission, acknowledgement, offer or undertaking by Alper or any other person in any respect.

76.     <u>Revocation or Withdrawal of Plan</u>.  Alper reserves the right to revoke or withdraw the Plan prior to the Effective Date.  If Alper takes such action, the Plan shall be deemed null and void.  In such event, nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims or Interests by or against Alper or any other person or to prejudice in any manner the rights of Alper or any person in any further proceedings involving Alper.

21

77.    <u>Notice of Entry of Confirmation Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), on or before the Effective Date, Alper (or its agents) shall give notice of the entry of this Order, in substantially the form of the proposed notice attached as Exhibit A hereto (the "<u>Notice of Confirmation</u>"), which is hereby approved, by United States first class mail postage prepaid, by hand or by overnight courier service to, without duplication, the Plan Notice Parties.

78.    <u>Notice of Effective Date</u>.  As soon as practicable after the occurrence of the Effective Date, Reorganized Alper shall file notice of the occurrence of the Effective Date and shall serve a copy of same on the Notice Parties.

79.    <u>Returned Mail</u>.  Notwithstanding anything to the contrary herein, no notice or service of any kind will be required to be mailed or made upon any person to whom Alper mailed a Notice Package, but received any of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless Alper has been informed in writing by such person of that person's new address.

80.    <u>Authorization to Close</u>.  This Court directs that Bankruptcy Rule 3020(e) shall not apply to this Order and authorizes the plan proponents to consummate the Plan immediately after entry of this Order, except as otherwise provided in this Order.

81.    <u>Sufficiency of Notice of Confirmation</u>.  Mailing of the Notice of Confirmation in the time and manner as set forth in paragraph 77 hereto is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

82.    <u>Final Order</u>.  This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  Pursuant to the authority of this Court granted under Bankruptcy Rule 3020(e), this Order shall not be stayed until the expiration of ten (10) days after entry of this Order and shall be effective immediately upon its entry.

Dated:  New York, New York
          December 11, 2008

/s/Burton R. Lifland_____
**UNITED STATES BANKRUPTCY JUDGE**